UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA GRAY &
JERRY GRAY,
individuals,

      Plaintiff,

v.

FLAGSTAR BANK,
a foreign entity,

      Defendant.
_____/

Case No.:

## COMPLAINT

**COMES NOW**, Plaintiffs, Patricia Gray ("Patricia") and Jerry Gray ("Jerry") (collectively hereinafter, "Plaintiffs"), by and through the undersigned counsel, and hereby sue Defendant, Flagstar Bank (hereinafter, "Defendant"). In support thereof, Plaintiffs state:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA"), the Telephone Consumer Protection Act, 47 United States Code, Section 227 *et seq.* (hereinafter, "TCPA"), and Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts, wherein Defendant unlawfully attempts to collect consumer debt from Plaintiffs via harassing and unlawful means, including unlawful calls to Plaintiffs' cellular telephones using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice, despite having actual knowledge that Plaintiffs were represented by counsel with respect to the alleged debt at-hand.

1

## JURISDICTION, VENUE & PARTIES

1. Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3) for the TCPA, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

2. Defendant is subject to the jurisdiction of this Court as it regularly transacts business in this District, and the events described herein occur in this district.

3. Venue is proper in this District as the acts and transactions described herein occur in this District.

4. At all material times herein, Plaintiffs are natural persons residing in Pinellas County, Florida and are "consumers" as defined by the FCCPA.

5. At all material times herein, Defendant is a foreign entity that does business in Florida and is a "creditor" as defined by the FCCPA.

6. Patricia is the subscriber, regular user, and carrier of the cellular telephone number, (260-XXX-2161) (hereinafter, "Plaintiff's Cellular Telephone" or "Cellular Telephone") and was the called party and recipient of Defendant's auto-dialed calls, as referenced below.

7. Jerry is the subscriber, regular user, and carrier of the cellular telephone number, (260-XXX-0305) (hereinafter, "Plaintiff's Cellular Telephone" or "Cellular Telephone") and was the called party and recipient of Defendant's auto-dialed calls, as referenced below.

## TCPA STATUTORY STRUCTURE

8. Congress enacted the TCPA in effort to restrict pervasive use of telemarketing and increasing use of cost-effective telemarketing techniques. Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1) and (8).

9. Congress found that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…" and it intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Id. at (5) and (12).

10. Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

11. Additionally, under the TCPA, the court may increase the damage award up to three (3) times, up to $1,500.00, for each willful or knowing violation of the TCPA. *Id*. at § 227(b)(3)(C).

## FCCPA STATUTORY STRUCTURE

12. The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

13. The FCCPA imposes liability on any creditor/person as well as any debt collector— who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. Fla. Stat. § 559.55(5).

14. Specifically, the FCCPA prohibits unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." Fla. Stat. § 559.55(2) (emphasis added).

15. The FCCPA prohibits a debt collector and/or person from harassing a debtor by frequent calling and communicating with a consumer-debtor after they have knowledge that the consumer-debtor is represented by counsel. *See* Fla. Stat. § 559.72(7) & (18).

## GENERAL ALLEGATIONS

16. At all material times herein, Defendant, itself and through its subsidiaries, regularly service personal credit cards—and collect debts associated with the same—from consumers in Pinellas County, Florida.

17. At all material times herein, Defendant attempts to collect consumer debt from Plaintiffs, including but not limited to, a home mortgage balance allegedly due from Plaintiffs (hereinafter, the "Debt").

25. At all material times herein, the Debt is a consumer debt, an obligation resulting from transactions for goods or services incurred primarily for personal, household, or family use.

26. At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by the FCCPA.

27. At all material times herein, Defendant acts themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

28. All necessary conditions precedent to the filing of this action occurred, or

Defendant waived the same.

## FACTUAL ALLEGATIONS

29. Plaintiffs allegedly became delinquent on the Debt due to financial hardship.

30. In or around June 2020, Plaintiffs retained the law firm of Berkowitz & Myer to pursue a bankruptcy.

31. Shortly thereafter, Defendant began bombarding Plaintiffs' Cellular Telephones with a campaign of repeated collection telephone calls.

32. During multiple conversations, Plaintiffs advised Defendant that they retained the law firm of Berkowitz & Myer and provided Berkowitz & Myer's contact information.

33. Despite this, Defendant has continued to place automated calls to Plaintiffs' cellular telephones in attempts to collect the Debt directly from Plaintiffs.

34. Defendant left pre-recorded messages on Plaintiffs' cellular telephones voicemails.

35. Defendant—or their authorized vendor or third-party agent acting within a scope of authority granted by Defendant, with the knowledge of Defendant, and under the control of the Defendant—used an automated telephone dialing system or predictive telephone dialing system to place calls to Plaintiffs' Cellular Telephones.

36. As a result, Defendant's subsequent, repeated attempts to induce payment were made with the intent to exhaust Plaintiffs' will and harass Plaintiffs.

37. Defendant's conduct caused Plaintiffs to suffer injuries in fact through significant anxiety, emotional distress, frustration, and anger.

38. Florida Statutes, Section 559.77, provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to each Plaintiff, should Plaintiffs prevail in this matter against Defendant.

39. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiffs' Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

40. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiffs' Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

**COUNT ONE:
UNLAWFUL DEBT COLLECTION PRACTICES –
VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(7)**

Plaintiffs re-allege paragraphs one (1) through forty (40) as if fully restated herein and further states as follows:

41. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting the consumer Debt from Plaintiffs through means which can reasonably be expected to abuse or harass Plaintiffs.

42. Specifically, as noted above, although Plaintiffs repeatedly explicitly revoked consent and provided her attorney's contact information, requested/demanded that the direct collection communication cease. Defendant nevertheless continued to call Plaintiffs' Cellular Telephones it its attempts to collect the Debt.

43. As a direct and proximate result of Defendant's actions, Plaintiffs sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:
UNLAWFUL DEBT COLLECTION PRACTICES –
VIOLATION OF FLORIDA STATUTES, SECTIONS 559.72(18)**

6

Plaintiffs re-allege paragraphs one (1) through forty (40) as if fully restated herein and further states as follows:

44. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by attempting to collect the Debt after Defendant knew that Plaintiffs were represented by counsel.

45. Specifically, as noted above, although Plaintiffs repeatedly explicitly provided her attorney's contact information, requested/demanded that the direct collection communication cease, Defendant nevertheless continued to call Plaintiffs' Cellular Telephones it its attempts to collect the Debt.

46. As a direct and proximate result of Defendant's actions, Plaintiffs sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT THREE:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiffs re-alleges paragraphs one (1) through forty (40) as if fully restated herein and further states as follows:

47. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiffs' prior express consent.

48. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to unlawfully call Plaintiffs' Cellular Telephones in its attempts to collect the Debt.

49. If Defendant contends they possessed prior express consent, Plaintiffs revoked such

consent numerous times in June 2020 and several additional times thereafter.

50. Defendant's telephone calls complained of herein are the result of repeated willful and knowing violations of the TCPA.

51. As a direct and proximate result of Defendant's conduct, Plaintiffs suffered:

    a. The periodic loss of their cell phone service;

    b. Lost material costs associated with the use of cell phone minutes allotted under their cell phone service contract;

    c. The expenditure of costs and attorney's fees associated with the prosecution of this matter;

    d. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

    e. Statutory damages.

## COUNT FOUR:
## INVASION OF PRIVACY-INTRUSION UPON SECLUSION

52. Plaintiffs re-allege paragraphs one (1) through forty (40) as if fully restated herein and further states as follows:

53. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "one who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another." *See Purrelli v. State Farm Fire and Cas. Co.*, 698 So. 2d 618, 620 (Fla. 2d DCA 1997).

54. Defendant violated Plaintiffs' privacy.

55. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiffs' solitude and seclusion by intentionally placing voluminous annoying, hounding, and

harassing telephone calls to Plaintiffs in an attempt to collect on an alleged debt despite Plaintiffs' numerous requests for the calls to cease.

      b.     Defendant intentionally, and not accidently, generated a high frequency of telephone calls to Plaintiffs after Plaintiffs' multiple requests for the telephone calls to cease.

56.     Defendant's conduct is unreasonable and highly offensive to a reasonable person as Defendant's frequent telephone calls often interrupted Plaintiffs' work and sleep schedule.

57.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiffs to pay the Debt.

58.     As a direct and proximate result of Defendant's conduct, Plaintiffs suffered stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated harassing and hounding telephone call campaign, which continued even after Plaintiffs requested that the calls cease.

59.     As a result of Defendant's violations of Plaintiffs' privacy, Defendant is liable to Plaintiffs for actual damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiffs respectfully requests an entry of:

      a.     Judgment against Defendant declaring that Defendant violated the FCCPA;

      b.     Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

      c.     Judgment against Defendant for maximum statutory damages for violations of the TCPA;

    d.       Judgment against Defendant declaring that Defendant invaded Plaintiffs' privacy and intruded upon Plaintiffs' seclusion;

    e.       Actual damages;

    f.       An award of attorneys' fees and costs; and

    g.       Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby gives notice to Defendant and demands that Defendant and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**

/s/ *Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
Swift, Isringhaus & Dubbeld, P.A.
10460 Roosevelt Blvd. N.
Suite 313
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
*Attorneys for Plaintiff*